(113 So. 308)

**BATTLES et al. v. GRIFFIN. (7 Div. 618.)**

Supreme Court of Alabama. June 15, 1927.

**Mortgages ⬉270—Evidence held to show that mortgagee's transfer of mortgage was for security only and not an absolute sale.**

In action by assignee of mortgage against mortgagor and mortgagee to foreclose, evidence *held* to establish that transfer of mortgage to plaintiff was by way of pledge only to secure debt and not an unconditional sale.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Bill in equity by Mrs. A. C. Griffin against J. R. Battles and another. From a decree for complainant, respondents appeal. Reversed, rendered, and remanded.

Statement by SOMERVILLE, J.:

The bill of complaint is filed by complainant, Mrs. A. C. Griffin, against the respondents, J. H. Countryman and J. R. Battles, to foreclose a certain mortgage executed by Battles to Countryman to secure a note for $106.85, which mortgage and note the bill avers were purchased by complainant from Countryman for the sum of $75, and by Countryman transferred by indorsement to complainant.

The respondents answered, denying complainant's ownership of the Battles note and mortgage except as collateral security for a loan of $75; that this loan was made by complainant to Countryman on July 17, 1922, payable on July 17, 1923, and that Countryman agreed to pay 10 per cent. for the use of the money; that on or about July 22, 1923, Countryman called on complainant for the purpose of paying off said loan, having with him the amount of $75, and 10 per cent. interest, and the recording fee, and informed complainant that he was ready to pay it off; that complainant refused to accept said amount; and that he is now ready and willing to pay said amount, though he denies that he ought, in equity and good conscience, to pay any interest at all, or, in any event, more than 8 per cent.

On submission on the pleadings and evidence, the trial court decreed that complainant is entitled to the relief prayed, and ordered a foreclosure of the mortgage in favor of complainant as owner thereof.

James A. Embry, of Ashland, and J. H. Countryman, of Birmingham, for appellants.

Counsel argue for error in the decree, citing Crowson v. Cody, 209 Ala. 674, 96 So. 875; Corley v. Vizard, 203 Ala. 564, 84 So. 299; Sewell v. Nolen Bank, 204 Ala. 93, 85 So. 375; Miller v. Graham, 196 Ala. 230, 72 So. 87; Lewis v. Hickman, 200 Ala. 672, 77 So. 46.

J. A. Stagner, of Attalla, for appellee.

In support of the correctness of the decree, counsel cites Hamilton v. Stone, 202 Ala. 468, 80 So. 852; Minge v. Green, 176 Ala. 343, 58 So. 381; Camp v. Simon, 34 Ala. 126; Southern C. O. Co. v. Dowling, 204 Ala. 303, 85 So. 544.

SOMERVILLE, J. The issue of fact in this case—the decisive question to be determined—was with respect to the nature of the transaction between complainant and the respondent Countryman: Did complainant buy the Battles note and mortgage outright for $75, or did she take them by way of pledge as collateral security for a loan to Countryman of $75?

Three witnesses, the complainant, her son, and the respondent Countryman, were exam-

ined orally in the presence of the trial court. On the matters of vital importance there is practically no conflict between the testimony of complainant and Countryman. The latter testified to the facts averred in his answer. Complainant, on her cross-examination, testified that Countryman got the $75 from her, and agreed to pay her 10 per cent. for the use of it; that she went to see him on one occasion, before the mortgage was due, when she needed to raise some money, and asked him to get up some money for her on the note; that she asked him if he was already to help her, and he replied he would be ready to help her that fall "and redeem the mortgage"; that at the time she took over the mortgage he said "if he had the money he would redeem it that fall," and, "in case he did not redeem it before it was due, that was my mortgage." Complainant admitted also that Countryman came to her and said he had the money to take up the mortgage, and she told him she wanted the full amount of the mortgage.

Complainant's son testified that he was present during the transaction between her and Countryman, and that she bought the Battles note and mortgage. But he stated further:

"My mother, after she bought the paper, raised the question she might want the money before it was due, and he [Countryman] said, 'I will do this, I will promise to redeem it November or December if I can possibly get up the money and pay you 10 per cent., but, now understand, if I can't redeem this paper, it is yours.' "

Taking the testimony as a whole, we think it shows clearly, convincingly, and conclusively that the transfer of the note and mortgage by Countryman to complainant was by way of pledge merely to secure a debt of $75 presently created, and that neither party intended the transaction to be an unconditional sale of the security. This is shown by the testimony of complainant herself, and, notwithstanding the presumption in favor of findings of fact by the trial court where the witnesses have been heard viva voce, we think the decree appealed from is clearly erroneous and ought not to stand.

A decree will therefore be entered, declaring that the Battles note and mortgage are the property of the respondent Countryman, subject to a pledge to the complainant to secure a debt of $75 due to her, loaned at a usurious rate of interest, and that, upon the payment into court by respondents of $75, without interest, said note and mortgage shall be discharged from the lien of said pledge, and the pledge shall be satisfied and extinguished.

Reversed, rendered and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.